## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Ronald Luther Nesbitt, BBA in his Proper Persona

Plaintiff                                    Case No._____

-v-

Stuart Thomson Gulliver for H.S.B.C. Bank

Honorable Peter H. Moulton for Unified Court System (NY) County

Honorable Edward McLaughlin in proper person

Police Commissioner Raymond Kelly for the New York City PD,

Cy Vance Jr for the People of the state New York (NY) county

Zwi Wasserstein ESQ

Defendants

## **COMPLAINT**

Plaintiff, Come now Ronald L. Nesbitt, BBA in his proper persona, individually, hereby sues Defendants, Honorable Peter H. Moulton for Unified Court System(NY) county, Edward McLaughlin in proper person , Police Commissioner Raymond Kelly for New York City Police Department, Cy Vance Jr for The People of the state of New York (NY) County,  Stuart Thomson Gulliver for HSBC Bank, and Zwi Wasserstein ESQ, for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, and the General Business Law § 600, §601, §349(D) NY Code CPLR 3016(A) (B) (D) (H)

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 e, Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 e (2), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 f, Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 f (1)

2. NY GBL  § 349(D), GBL§600, and GBL§601

3. NY CODE CPLR §3016(A) (B) (D) (H)

4. Defendants conduct the natural consequence of which is to harass, oppress, or abuse any person 15 U.S.C. § 1692 d (1) and the New York Consumer Collection Practices Act (NYCCPA), NY. STAT. §600,§601 (XIII, IX)

5. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants.  Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

6. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. §1681p, N.Y. Stat. §600 and §601 supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper pursuant to 28 U.S.C. §1391b and N.Y. Stat. §601(VIII & IX) Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

9. This is an action for damages which exceed $5,000,000.00

## PARTIES

10. Plaintiff, Comes now Ronald L. Nesbitt, BBA is a natural person and is a resident of the State of New York.

11. Upon information and belief Defendant, Peter H. Moulton for Unified Court Systems (NY) County, is a known entity authorized to do business in New York.

12. Upon information and belief Defendant, Hon. Edward McLaughlin (judge) in his proper person is authorized to do business under Unified Court Systems

13. Upon information and belief Defendant, Raymond Kelly for New York City Police Department authorized to do business in the State of New York.

14. Upon information and belief Defendant, CY Vance JR for the People of the State NY, (NY) County is authorized to do business in New York.

15. Upon information and belief Defendant, Stuart Thomson Gulliver for HSBC Bank is authorized to do business in New York.

16. Upon information and belief Defendant, Zwi Wasserstein ESQ is authorized to do business in New York.

## FACTUAL ALLEGATIONS

17. On or about December, 2012 the Plaintiff was served with a law suit by Defendants demanding payment from some unknown account.

18. On or about June, 2013 the Plaintiff return a Notice of Dispute pursuant to 15 USC. § 1692g (b). See exhibit "A"

19. Plaintiff has no contractual obligation to pay Defendants.

20. Defendant Unified Court System failed to attach the alleged member agreement or any evidence that Plaintiff ever had an account other then Threat, Duress, or Coercion by the Police Department of city of New York who initiated this illegal contract 15 USC1692 E (4)(5).

21.   On May 08, 2013 the Defendants through mediation and a pre trial conference knowingly violated Federal and State law by continuing to attempt to collect a disputed debt prior to validation and verification.


Defendants are in violation of New York Statutes GBL§349, GBL §600, GBL §601, which are a condition precedent and applies to those entities receiving assignments of consumer debts and, having failed to comply by providing notice to Plaintiff within 30 days after

assignment, Defendants is precluded as a matter of law from

bringing the action in any court of New York.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT, Peter H. Moulton for Unified Court Systems, Raymond Kelly for New York City Police Department, Hon. Edward McLaughlin in his proper person, Cy Vance JR for the People of State New York NY County, Stuart Thomson Gulliver for HSBC Bank, Zwi Wasserstein ESQ.

23. Plaintiff alleges and incorporates the information in paragraphs 1 through

22.

24. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C.

§1692a(3)

25. Defendant Unified Court Systems is a debt collector within the meaning of

the FDCPA, 15 U.S.C. §1692a (6).

26. Defendant Raymond Kelly for New York City Police Department within

the meaning of the FDCPA, 15 U.S.C. §1692a (6).

27. Defendant Hon. Edward McLaughlin is a debt collector within the

meaning of the FDCPA, 15 U.S.C. §1692a (6).

28. Defendant The People of State New York NY County § 1692 e(5)

29. All Defendants violated the FDCPA. Defendant's violations include, but

are not limited to, the following:

(a) Defendants violated 15 U.S.C. §1692e (2) by falsely representing the

character, amount, or legal status of any debt.

(b) Defendants violated 15 U.S.C. §1692f (1) by the collection of any amount

(including any interest, fee, charge, or expense incidental to the principal

obligation) unless such amount is expressly authorized by the agreement

creating the debt or permitted by law.

(c) Defendants conduct the natural consequence of which is to harass, oppress, or abuse any person 15 U.S.C. § 1692 d (1)

(d) Defendants continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§2042g(b).

(e) 1692 e(5) Threaten to take any action that cannot legally be taken or that is not intended to be taken

WHEREFORE, Plaintiff demands judgment for damages against, Unified Court Systems, Raymond Kelly for New York City Police Department, and Hon. Edward McLaughlin in his proper person, CY Vance Jr for The People of State New York NY County, Stuart Thomson Gulliver for HSBC Bank, Zwi Wasserstein  attorney's fees and costs, pursuant to NY. Statutes GBL §349, GBL§600, GBL§601.

## COUNT II
### VIOLATION OF NEW YORK CONSUMER COLLECTION PRACTICES ACT (FCCPA), NY. STAT. §600(Part VIII & IX) BY DEFENDANTS Peter H. Moulton For Unified Court Systems, Raymond Kelly for New York City Police Department, Hon. Edward McLaughlin in his proper person, CY Vance JR for The People of State New York NY County, Stuart Thomson Gulliver for HSBC Bank and Zwi Wasserstein ESQ.

30. Plaintiff alleges and incorporates the information in paragraphs 22 through 29.

31. Plaintiff is a consumer within the meaning of §600(2).

32. Unified Court System is a debt collectors within the meaning of §600(3).

33. City of New York Police Department is a debt collectors within the meaning of §600(3).

34. The People of the State of New York NY County are debt collectors within the meaning of NY. Stat §600(3).

35. Hon. Edward McLaughlin in his proper person did commit a deceptive act GBL§349 (D).

36. Stuart Thomson Gulliver For HSBC Bank did commit a deceptive act GBL §349 (A).

37. Zwi Wasserstein ESQ did commit a deceptive act GBL § 349(A)

38. All Defendants violated §601(VIII& IX) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

39. All Defendants committed an deceptive act GBL§ 349 (D) all deceptive acts or practices declared to be unlawful

40. **Count III**
**DEFENDANTS Honorable Peter H. Moulton, Police Commissioner Raymond Kelly, Hon. Edward McLaughlin in his proper person, Cy Vance Jr, Stuart Thomson Gulliver and Zwi Wasserstein ESQ for Violation of 42 U.S.C 1983 by way of 14th amendment of NYS constitution, 4th, 5th, 6th, and 8th amendments to the U.S Constitution NY Code CPLR 3016 (A) (B) (D) (H)**

41. Plaintiff alleges and incorporates the information in paragraphs 31 through 39.

42. Defendant Honorable Peter H. Moulton is authorized to operate on behalf of the Unified Court System state of New York did violate NY CPLR §3016 (A) (B) (D) (H).

43. Defendant Police Commissioner Raymond Kelly is authorized to operate on behalf New York City Police Department of the state of New York did violate NY CPLR §3016 (A)(B) (D) (H).

44. Defendant Honorable Edward McLaughlin in his proper person is authorized to operate on behalf of Unified Court System of the state of New York did violate NY CPLR §3016 (A) (B) (D) (H).

45. Defendant CY Vance Jr is authorized to operate on behalf of People of the state of New York (NY) County did violate NY CPLR §3016 (A) (B) (D) (H).

46. Defendant Stuart Thomson Gulliver for HSBC Bank did violate NY CPLR §3016 (A) (B) (D) (H).

47. Defendant Zwi Wasserstein ESQ did violate NY CPLR §3016 (A) (B) (D) (H).

**WHEREFORE,** Plaintiff demands judgment for damages Honorable Peter H. Moulton for Unified Court Systems, Raymond Kelly Police Commissioner for New York City Police Department, Cy Vance Jr for The People of State New York NY County, Hon. Edward McLaughlin in his proper person, Stuart Thomson Gulliver for HSBC Bank and Zwi Wasserstein ESQ, for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to violation of the 4th, 5th, 6th and 8th amendment to United State constitution 14th amendment to NYS constitution and NY. Stat. GBL§349, GBL§600, GBL§601(VIII & IX) NY Code CPLR 3016 (A) (B) (D) (H)

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this day of September 09, 2013

_____

Ronald L. Nesbitt, BBA
1805 Clinton Ave apt 5b
Bronx., NY 10457

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ronald Luther Nesbitt, BBA in his Proper Persona

Plaintiff                                    Case No._____

-v-

Stuart Thomson Gulliver for H.S.B.C. Bank

Honorable Peter H. Moulton for Unified Court System (NY) County

Honorable Edward McLaughlin in proper person

Police Commissioner Raymond Kelly for the New York City PD,

Cy Vance Jr for the People of the state New York (NY) county

Zwi Wasserstein ESQ

Defendants

## COMPLAINT

Plaintiff, Come now Ronald L. Nesbitt, BBA in his proper persona, individually, hereby sues Defendants, Honorable Peter H. Moulton for Unified Court System(NY) county, Edward McLaughlin in proper person , Police Commissioner Raymond Kelly for New York City Police Department, Cy Vance Jr for The People of the state of New York (NY) County,  Stuart Thomson Gulliver for HSBC Bank, and Zwi Wasserstein ESQ, for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, and the General Business Law § 600, §601, §349(D) NY Code CPLR 3016(A) (B) (D) (H)

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 e, Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 e (2), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 f, Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 f (1)

2. NY GBL  § 349(D), GBL§600, and GBL§601

3. NY CODE CPLR §3016(A) (B) (D) (H)

4. Defendants conduct the natural consequence of which is to harass, oppress, or abuse any person 15 U.S.C. § 1692 d (1) and the New York Consumer Collection Practices Act (NYCCPA), NY. STAT. §600,§601 (XIII, IX)

5. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants.  Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

6. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. §1681p, N.Y. Stat. §600 and §601 supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper pursuant to 28 U.S.C. §1391b and N.Y. Stat. §601(VIII & IX) Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

9. This is an action for damages which exceed $5,000,000.00

## PARTIES

10. Plaintiff, Comes now Ronald L. Nesbitt, BBA is a natural person and is a resident of the State of New York.

11. Upon information and belief Defendant, Peter H. Moulton for Unified Court Systems (NY) County, is a known entity authorized to do business in New York.

12. Upon information and belief Defendant, Hon. Edward McLaughlin (judge) in his proper person is authorized to do business under Unified Court Systems

13. Upon information and belief Defendant, Raymond Kelly for New York City Police Department authorized to do business in the State of New York.

14. Upon information and belief Defendant, CY Vance JR for the People of the State NY, (NY) County is authorized to do business in New York.

15. Upon information and belief Defendant, Stuart Thomson Gulliver for HSBC Bank is authorized to do business in New York.

16. Upon information and belief Defendant, Zwi Wasserstein ESQ is authorized to do business in New York.

## FACTUAL ALLEGATIONS

17. On or about December, 2012 the Plaintiff was served with a law suit by Defendants demanding payment from some unknown account.

18. On or about June, 2013 the Plaintiff return a Notice of Dispute pursuant to 15 USC. § 1692g (b). See exhibit "A"

19. Plaintiff has no contractual obligation to pay Defendants.

20. Defendant Unified Court System failed to attach the alleged member agreement or any evidence that Plaintiff ever had an account other then Threat, Duress, or Coercion by the Police Department of city of New York who initiated this illegal contract 15 USC1692 E (4)(5).

21.   On May 08, 2013 the Defendants through mediation and a pre trial conference knowingly violated Federal and State law by continuing to attempt to collect a disputed debt prior to validation and verification.

Defendants are in violation of New York Statutes GBL§349, GBL §600, GBL §601, which are a condition precedent and applies to those entities receiving assignments of consumer debts and, having failed to comply by providing notice to Plaintiff within 30 days after

assignment, Defendants is precluded as a matter of law from

bringing the action in any court of New York.

## COUNT I
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692
**BY DEFENDANT, Peter H. Moulton for Unified Court Systems, Raymond Kelly for New York City Police Department, Hon. Edward McLaughlin in his proper person, Cy Vance JR for the People of State New York NY County, Stuart Thomson Gulliver for HSBC Bank, Zwi Wasserstein ESQ.**

23. Plaintiff alleges and incorporates the information in paragraphs 1 through 22.

24. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

25. Defendant Unified Court Systems is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

26. Defendant Raymond Kelly for New York City Police Department within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

27. Defendant Hon. Edward McLaughlin is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

28. Defendant The People of State New York NY County § 1692 e(5)

29. All Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendants violated 15 U.S.C. §1692e (2) by falsely representing the character, amount, or legal status of any debt.

(b) Defendants violated 15 U.S.C. §1692f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(c) Defendants conduct the natural consequence of which is to harass, oppress, or abuse any person 15 U.S.C. § 1692 d (1)

(d) Defendants continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§2042g(b).

(e) 1692 e(5) Threaten to take any action that cannot legally be taken or that is not intended to be taken

**WHEREFORE,** Plaintiff demands judgment for damages against, Unified Court Systems, Raymond Kelly for New York City Police Department, and Hon. Edward McLaughlin in his proper person, CY Vance Jr for The People of State New York NY County, Stuart Thomson Gulliver for HSBC Bank, Zwi Wasserstein  attorney's fees and costs, pursuant to NY. Statutes GBL §349, GBL§600, GBL§601.

**COUNT II**
**VIOLATION OF NEW YORK CONSUMER COLLECTION PRACTICES ACT (FCCPA), NY. STAT. §600(Part VIII & IX) BY DEFENDANTS Peter H. Moulton For Unified Court Systems, Raymond Kelly for New York City Police Department, Hon. Edward McLaughlin in his proper person, CY Vance JR for The People of State New York NY County, Stuart Thomson Gulliver for HSBC Bank and Zwi Wasserstein ESQ.**

30. Plaintiff alleges and incorporates the information in paragraphs 22 through 29.

31. Plaintiff is a consumer within the meaning of §600(2).

32. Unified Court System is a debt collectors within the meaning of §600(3).

33. City of New York Police Department is a debt collectors within the meaning of §600(3).

34. The People of the State of New York NY County are debt collectors within the meaning of NY. Stat §600(3).

35. Hon. Edward McLaughlin in his proper person did commit a deceptive act GBL§349 (D).

36. Stuart Thomson Gulliver For HSBC Bank did commit a deceptive act GBL §349 (A).

37. Zwi Wasserstein ESQ did commit a deceptive act GBL § 349(A)

38. All Defendants violated §601(VIII& IX) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

39. All Defendants committed an deceptive act GBL§ 349 (D) all deceptive acts or practices declared to be unlawful

40. **Count III**
**DEFENDANTS Honorable Peter H. Moulton, Police Commissioner Raymond Kelly, Hon. Edward McLaughlin in his proper person, Cy Vance Jr, Stuart Thomson Gulliver and Zwi Wasserstein ESQ for Violation of 42 U.S.C 1983 by way of 14th amendment of NYS constitution, 4th, 5th, 6th, and 8th amendments to the U.S Constitution NY Code CPLR 3016 (A) (B) (D) (H)**

41. Plaintiff alleges and incorporates the information in paragraphs 31 through 39.

42. Defendant Honorable Peter H. Moulton is authorized to operate on behalf of the Unified Court System state of New York did violate NY CPLR §3016 (A) (B) (D) (H).

43. Defendant Police Commissioner Raymond Kelly is authorized to operate on behalf New York City Police Department of the state of New York did violate NY CPLR §3016 (A)(B) (D) (H).

44. Defendant Honorable Edward McLaughlin in his proper person is authorized to operate on behalf of Unified Court System of the state of New York did violate NY CPLR §3016 (A) (B) (D) (H).

45. Defendant CY Vance Jr is authorized to operate on behalf of People of the state of New York (NY) County did violate NY CPLR §3016 (A) (B) (D) (H).

46. Defendant Stuart Thomson Gulliver for HSBC Bank did violate NY CPLR §3016 (A) (B) (D) (H).

47. Defendant Zwi Wasserstein ESQ did violate NY CPLR §3016 (A) (B) (D) (H).

**WHEREFORE,** Plaintiff demands judgment for damages Honorable Peter H. Moulton for Unified Court Systems, Raymond Kelly Police Commissioner for New York City Police Department, Cy Vance Jr for The People of State New York NY County, Hon. Edward McLaughlin in his proper person, Stuart Thomson Gulliver for HSBC Bank and Zwi Wasserstein ESQ, for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to violation of the 4th, 5th, 6th and 8th amendment to United State constitution 14th amendment to NYS constitution and NY. Stat. GBL§349, GBL§600, GBL§601(VIII & IX) NY Code CPLR 3016 (A) (B) (D) (H)

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this day of September 09, 2013

_____

Ronald L. Nesbitt, BBA
1805 Clinton Ave apt 5b
Bronx., NY 10457

SUPREME COURT OF THE STATE OF NEW YORK      NO FEE
NEW YORK COUNTY
100 CENTRE STREET
NEW YORK, NY 10013

### CERTIFICATE OF DISPOSITION DISMISSAL

DATE: 06/14/2010                     CERTIFICATE OF DISPOSITION NUMBER

PEOPLE OF THE STATE OF NEW YORK      CASE NUMBER:            02233-2003
                VS.                  LOWER COURT NUMBER(S): 2003NY0265
                                     DATE OF ARREST:         04/17/2003
                                     ARREST #:               M03628918
                                     *DATE OF BIRTH:*         07/16/1967
NESBITT,RONALD                       DATE FILED:             04/29/2003

_____
            DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 09/18/2003 THE ABOVE ACTION WAS
DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO
*THIS ACTION WERE ALSO DISMISSED* BY THE HONORABLE  ALTMAN,H   THEN
A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL
ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF
*THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE*
DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN
CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST
AND PROSECUTION".

PURSUANT TO SECTION 160.50(1C) OF THE CRIMINAL PROCEDURE LAW, ALL
OFFICIAL RECORDS AND PAPERS RELATING TO THIS CASE ARE SEALED.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 06/14/2010.

_____
            COURT CLERK

Case Details - Summary

| | |
|---|---|
| Court Date: | **May 30, 2007** |
| Court Part: | **93** |
| Phone: | **000 - 000 - 0000** |

**Assistant District Attorney**

| | |
|---|---|
| Name: | **Hinckley, Peter** |
| Assigned: | **May 30, 2007** |

## Next Appearance

| | |
|---|---|
| Date: | **December 14, 2010** |
| Court: | **New York Supreme Court - Criminal Term** |
| Judge: | **Mclaughlin, Edward J** |
| Part: | **93** |

## Docket Sentence

Description:    **Resentenced to: Imprisonment for 16 Months to 4 Years, Imprisonment for 16 Months to 4 Years, Imprisonment for 16 Months to 4 Years, Imprisonment for 16 Months to 4 Years**

# New York State Unified Court System

## WebCrims

## Case Details - Summary

**CASE INFORMATION**

Court      **New York Supreme Court - Criminal Term**
Case #      **04400-2003**
Defendant      **Nesbitt, Ronald**

### Defendant

Name:      **Nesbitt, Ronald**
Birth Year:      **1967**
NYSID:      **5230551Q**

### Incident and Arrest

**Incident**
Date:      **April 17, 2003**
Summons/Ticket #:
CJTN:      **56461600K**

**Arrest**
Date & Time:      **April 17, 2003 17:21**
Arrest #:      **M03628918**

**Officer**
Agency:      **NYPD**
Command:      **19**

### Attorney Information

**Defense Attorney**
Name:      **Wasserstein, Z**
Type:      **Neighborhood Defender Service**

Case Details - Appearances

| | | | | |
|---|---|---|---|---|
| 41 | | | | |
| 02/26/2004 41 | Altman, H | TRIALS AM | No Type | Whitaker, |
| 01/15/2004 41 | Altman, H | TRIALS AM | No Type | Batti, J |
| 11/13/2003 41 | Altman, H | TRIALS AM | No Type | Henry, T |
| 10/09/2003 41 | Altman, H | TRIALS AM | No Type | Hounsell, J |
| 09/18/2003 41 | Altman, H | ARRAIGNMENTS | Regular | Greenspan, G |
| 09/17/2003 GRAND JURY | | MISCELLANEOUS | No Type | |

Case Details - Appearances

# New York State Unified Court System

## WebCrims

## Case Details - Appearances

### CASE INFORMATION

Court         **New York Supreme Court - Criminal Term**
Case #        **04400-2003**
Defendant     **Nesbitt, Ronald**

| Date/ Part | Judge | Calendar Section | Arraignment/ Hearing Type | Court Reporter |
|---|---|---|---|---|
| 12/14/2010 93 | Mclaughlin, Edward J | MISCELLANEOUS | No Type | |
| 06/30/2009 93 | Mclaughlin, Edward J | VIOLATION OF PROBATION | No Type | Magniccari, Ther |
| 06/16/2009 93 | Mclaughlin, Edward J | VIOLATION OF PROBATION | No Type | Whitaker, B |
| 12/11/2007 93 | Mclaughlin, Edward J | VIOLATION OF PROBATION | No Type | Marquez, M |
| 10/03/2007 93 | Mclaughlin, Edward J | VIOLATION OF PROBATION | No Type | Maxey, S |
| 05/30/2007 93 | Mclaughlin, Edward J | VIOLATION OF PROBATION | No Type | Moscato, T |
| 10/21/2005 1000 | | TO PAY SURCHARGE | No Type | Clk, Office |
| 06/23/2004 93 | Mclaughlin, Edward J | SENTENCES | Sentencing | Morgan, E |
| 05/07/2004 82 | Solomon, C | TRIALS AM | No Type | Hounsell, J |
| 05/07/2004 93 | Mclaughlin, Edward J | TRIALS AM | No Type | Eisenberg, L |
| 05/05/2004 41 | Yates, J | TRIALS AM | No Type | French, B |
| 05/05/2004 82 | Solomon, C | TRIALS AM | No Type | Hounsell, J |
| 04/19/2004 | Yates, J | TRIALS AM | No Type | Connolly, |

**New York State Unified Court System**

WebCrims

## Case Details - Motions

### CASE INFORMATION

| | |
|---|---|
| Court | **New York Supreme Court - Criminal Term** |
| Case # | **04400-2003** |
| Defendant | **Nesbitt, Ronald** |

**There are no motions on record for this case.**

Case Details - Charges

# New York State Unified Court System

## WebCrims

## Case Details - Charges

### CASE INFORMATION

| | |
|---|---|
| Court | **New York Supreme Court - Criminal Term** |
| Case # | **04400-2003** |
| Defendant | **Nesbitt, Ronald** |

| Charge | Detail |
|---|---|
| PL 110-155.35 00 | **E Felony, 1 count, Not an arrest charge, Not an arraignment charge** <br> Description *Attempted Grand Larceny 3rd Degree* <br> Indictment Count *4* <br> Date Added *06/23/2004* |
| PL 155.30 01 | **E Felony, 1 count, Not an arrest charge, Not an arraignment charge** <br> Description *Gr Lar 4-vlue Prpty>$1000* <br> Indictment Count *2* <br> Date Added *09/18/2003* |
| PL 155.35 00 | **D Felony, 1 count, Arrest charge, Not an arraignment charge** <br> Description *Grand Larceny 3rd Degree* <br> Indictment Count *3* |
| PL 165.50 00 <br> **\*\*TOP CHARGE\*\*** | **D Felony, 1 count, Not an arrest charge, Not an arraignment charge** <br> Description *Cpsp-3rd:value Of Prop > $3000* <br> Indictment Count *1* <br> Date Added *09/18/2003* |

SUPREME COURT OF THE STATE OF NEW YORK        NO FEE
NEW YORK COUNTY
100 CENTRE STREET
NEW YORK, NY 10013

CERTIFICATE OF DISPOSITION DISMISSAL

DATE: 06/14/2010                    CERTIFICATE OF DISPOSITION NUMBER

PEOPLE OF THE STATE OF NEW YORK      CASE NUMBER:            02233-2003
                VS.                  LOWER COURT NUMBER(S): 2003NY0265
                                     DATE OF ARREST:         04/17/2003
                                     ARREST #:               M03628918
                                     DATE OF BIRTH:          07/16/1967
NESBITT,RONALD                       DATE FILED:             04/29/2003

_____
          DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 09/18/2003 THE ABOVE ACTION WAS
DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO
THIS ACTION WERE ALSO DISMISSED BY THE HONORABLE  ALTMAN,H    THEN
A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL
ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF
THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE
DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN
CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST
AND PROSECUTION".

PURSUANT TO SECTION 160.50(1C) OF THE CRIMINAL PROCEDURE LAW, ALL
OFFICIAL RECORDS AND PAPERS RELATING TO THIS CASE ARE SEALED.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 06/14/2010.

_____
          COURT CLERK

*State of New York*
# Department of State
## DIVISION OF LICENSING SERVICES

Be it known that, pursuant to the provisions of
Article 12A of the Real Property Law

FOR OFFICE USE C

Control
No.     08639(

000205

UNIQUE ID NUMBER
31NE0911023

THE BERKELEY NESBITT GROUP
L L C
1805 CLINTON AVE STE 58
BRONX NY 104

EFFECTIVE DATE
MO. | DAY | YR.
10 | 03 | 200

EXPIRATION DATE
MO. | DAY | YR.
10 | 03 | 200

HAS BEEN DULY LICENSED TO TRANSACT
BUSINESS AS A REAL ESTATE BROKER
AND TO BE REPRESENTED BY
NESBITT RONALD L

In Witness Whereof  The Department of State has ca
its official seal to be hereunto affixed.

RANDY A DANIELS
SECRETARY OF STATE

DOs-104 (Rev. 06/01)

STATE OF NEW YORK
**DEPARTMENT OF STATE**
DIVISION OF LICENSING SERVICES
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
P.O. BOX 22001
ALBANY, NY 12201-2001

ANDREW M. CUOMO
GOVERNOR

CESAR A. PERALES
SECRETARY OF STATE

August 28, 2013

Ronald Nesbitt
1805 Clinton Avenue, Apt 5B
Bronx, NY 10457

Dear Sir/Madam:

This office has received and reviewed the enclosed correspondence you submitted regarding your previous real estate broker license.

Please be advised that if you wish to obtain a real estate license, you may visit our website at www.dos.ny.gov for details on how to reapply for licensure. When applying for a real estate license you must disclose any previous license revocations/suspensions and/or criminal convictions and submit proper documentation regarding such.

If you have any questions, please contact our customer service at (518) 474-4429.

Sincerely,

Janine Barnhart
Sr. License Investigator

Encl.